*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-AA-0700

DISTRICT OF COLUMBIA TAXICAB COMMISSION, PETITIONER,

V.

SHARANJIT SINGH, RESPONDENT.

On Petition for Review of a Decision of the
District of Columbia Office of Administrative Hearings
(TAXI-00004-13)

(Argued October 28, 2014                    Decided January 23, 2015)[*]

*Jason Lederstein*, Assistant Attorney General, with whom *Irvin B. Nathan*, Attorney General for the District of Columbia at the time, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, were on the brief, for petitioner.

*Richard C. Welch* for respondent.

Before THOMPSON and MCLEESE, *Associate Judges*, and PRYOR, *Senior Judge*.

MCLEESE, *Associate Judge*:  The District of Columbia Taxicab Commission

(DCTC) seeks review of an order of the Office of Administrative Hearings (OAH)

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment.  It is now being published upon the court's grant of a motion to publish filed by the Office of Administrative Hearings.

vacating the immediate suspension of respondent Sharanjit Singh's license to drive a taxicab in the District of Columbia. Specifically, DCTC challenges OAH's determination that Mr. Singh did not pose an imminent danger to the public. We vacate and remand.

**I.**

The OAH found the following facts. In May 2013, Mr. Aniba Apunte pulled into a gas station to get gas. He could not get gas, however, because taxicab drivers who were not pumping gas had parked next to the pumps. At Mr. Apunte's request, a gas-station attendant asked two drivers to move their cabs away from the pumps. Mr. Singh, who was one of the drivers, refused to leave. Mr. Apunte took his cell phone out and walked to the front of the cab Mr. Singh occupied. Mr. Singh told Mr. Apunte, "you can't fucking take pictures of my car." Mr. Apunte nevertheless took a picture of the license plates on the front of Mr. Singh's cab.

Mr. Singh got out of his cab, yelling and moving toward Mr. Apunte. Mr. Singh grabbed Mr. Apunte's wrist and tried to take Mr. Apunte's cell phone. Mr. Singh also tried to swing at Mr. Apunte and succeeded in shoving Mr. Apunte. The second taxicab driver joined the altercation, hitting Mr. Apunte twice. Mr. Apunte was able to get away without sustaining significant injury. Mr. Apunte

called the police, who came and arrested Mr. Singh for simple assault. The United States Attorney's Office subsequently dismissed the charge.

After Mr. Apunte complained to DCTC, DCTC immediately suspended Mr. Singh's license to operate a taxicab, on the ground that Mr. Singh posed a danger to the public.

Mr. Singh challenged the suspension, and an OAH Administrative Law Judge (ALJ) conducted an evidentiary hearing. The ALJ vacated the immediate suspension, concluding that Mr. Singh did not pose an imminent danger to the public. The ALJ stated four reasons for her conclusion: Mr. Apunte was a member of the general public rather than a taxicab passenger; the United States Attorney's Office had dropped the criminal charge against Mr. Singh; Mr. Singh did not physically injure Mr. Apunte; and Mr. Singh had no past history of assaultive behavior during his seven years as a taxicab driver in the city.

## II.

The District of Columbia initially contends that the ALJ incorrectly interpreted the applicable statute as permitting immediate suspension based solely

on imminent danger to taxicab passengers, not imminent danger to the general public. *See* D.C. Code § 50-312 (h)(2) (2012 Repl.) (authorizing DCTC to immediately suspend taxicab license if driver "poses an imminent danger to the public"). We do not understand the ALJ to have concluded that immediate suspension must rest on imminent danger to passengers as opposed to the general public. Rather, we understand the ALJ to have treated as one relevant factor that "[t]his case involves a member of the general public rather than a passenger in the taxicab itself."

The District of Columbia also challenges the reasons the ALJ gave for vacating the suspension of Mr. Singh's license. Mr. Singh argues that the ALJ's conclusion that Mr. Singh did not pose an imminent danger is a determination of fact to which we must defer as long as the determination is supported by substantial evidence. The District of Columbia does not directly address the question whether a conclusion as to imminent danger is one of fact or law. Rather, the District of Columbia instead argues that the ALJ's conclusion must in any event be overturned because the ALJ's reasoning was flawed. We agree that the ALJ did not adequately explain her reasoning in concluding that Mr. Singh did not pose an imminent danger. *See generally, e.g., Durant v. District of Columbia Zoning Comm'n*, 99 A.3d 253, 259 (D.C. 2014) ("The function of the court in

reviewing administrative action is to assure that the agency has given full and reasoned consideration to all material facts and issues.") (brackets and internal quotation marks omitted).

First, the applicable statute focuses on imminent danger "to the public." D.C. Code § 50-312 (h)(2). The ALJ did not explain, and it is not apparent to us, why it is relevant that Mr. Singh's conduct involved a member of the public rather than a passenger. Second, the ALJ gave weight to the United States Attorney's Office's dismissal of the criminal charge against Mr. Singh. The ALJ acknowledged, however, that she did not know why the charge was dismissed. In the absence of such information, the dismissal has no relevance to whether Mr. Singh posed an imminent danger. *Cf., e.g.*, *Washington v. United States*, 760 A.2d 187, 194 (D.C. 2000) (dismissal of prior charge irrelevant, because charge could have been dismissed for "a zillion other reasons"); *District of Columbia v. Gandy*, 458 A.2d 414, 415-16 (D.C. 1983) (noting "the general rule that evidence that charges were not brought has been held inadmissible in a civil case arising out of the same events as the criminal charges"; "[t]here may be many reasons not to prosecute").

The other two reasons given by the ALJ -- that Mr. Apunte was not injured

and that there was no evidence that Mr. Singh had previously been accused of similar misconduct -- have logical relevance, but by themselves do not necessarily suffice to establish that Mr. Singh does not pose an imminent danger to the public. Moreover, the ALJ did not address the significance of other circumstances relevant to whether Mr. Singh posed an imminent danger to the public. For example, the ALJ did not address the significance of the finding that Mr. Singh tried to "swing at" Mr. Apunte, which seems to imply that Mr. Singh intended to injure Mr. Apunte. Nor did the ALJ address the significance of the fact that Mr. Singh's assaultive conduct was in response to an effort by a member of the public to gather information to report a taxicab driver's conduct to the proper authorities.

For the foregoing reasons, we conclude that the ALJ did not adequately explain her conclusion that Mr. Singh did not pose an imminent danger to the public. We therefore vacate the ALJ's order and remand for further proceedings.

On remand, the ALJ and the parties may wish to consider the potential applicability of 31 DCMR § 706 (2014) (listing factors that DCTC shall and shall not consider in determining whether taxicab driver poses imminent danger to public; OAH's review is limited to determining whether DCTC "has sufficient evidence to conclude that reasonable grounds exist to believe that the respondent

poses an imminent danger"). Additionally, the ALJ and the parties may wish to consider the implications of DCTC's apparent failure to seek a final order of suspension in this case. *See* 31 DCMR § 706.8 (2014) ("the order of immediate suspension shall remain in effect . . . through the end of the immediate suspension as stated in the order, or until a final ruling on the merits on a concurrent notice of proposed suspension . . . is issued pursuant to [31 DMCR] § 708, whichever is later"); 31 DCMR § 706.9 (2014) ("Each order of immediate suspension issued pursuant to this section shall be issued concurrently with a notice of proposed suspension or revocation issued pursuant to [31 DCMR] § 708."); Notice of Immediate Suspension at 1 (providing for suspension "until the disposition of any case you choose to file at [OAH]"). We note, however, that the cited regulations were promulgated in June 2014, after the ALJ's 2013 ruling in this matter. We express no view on whether, and if so to what extent, those regulations should be taken into account on remand.

The order of the OAH is therefore

*Vacated and remanded.*